```
Michael Machat, Esq. SB#109475
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Suite 250
West Hollywood, California 90069
Telephone: (310) 860-1833
Email: info@machatlaw.com

Attorneys for Plaintiff
Vampire Family Brands, LLC
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| VAMPIRE FAMILY BRANDS, LLC, | CASE NO. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION and DILUTION/TARNISHMENT** |
| TACO BELL IP HOLDER, LLC a Delaware Limited Liability Company, YUM BRANDS, INC, a North Carolina Corporation, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff VAMPIRE FAMILY BRANDS, LLC hereby alleges and asserts:

## I. JURISDICTION AND VENUE

1. Plaintiff brings this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and each of them, in connection with the commercial use and exploitation of trademarks in violation of the Lanham Act.

2. This action arises under the Trademark Laws of the United States,

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

including particularly, Section 43 of the Lanham Act, 15 U.S.C. §1125. Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent jurisdiction. Venue is proper in this District under 28 U.S.C. §§ 1391(a) by virtue of the fact that at least one defendant resides within this District.

## II.   THE PARTIES

3.   Plaintiff VAMPIRE FAMILY BRANDS, LLC ("VAMPIRE FAMILY BRANDS") is a Delaware Limited Liability Company with its main business office located in Los Angeles County, California.

4.   Defendant Taco Bell IP Holder, LLC, is upon information and belief, a Delaware Limited Liability Company, headquartered in Irvine, California, and the trademark registrant for TACO BELL.

5.   Defendant Yum Brands, Inc., is, upon information and belief, a North Carolina Corporation, headquartered in Kentucky and operating approximately 964 restaurants under the name, TACO BELL throughout the United States, including many within Los Angeles County.

6.   Plaintiff avers upon information and belief, that Defendants Taco Bell IP Holder, LLC and Yum Brands, LLC (referred to jointly herein simply as 'TACO BELL") have some type of agreement pursuant to which together they control all of restaurants branded under the TACO BELL name and are responsible for all of the acts complained of herein.

## III.   FACTS GIVING RISE TO THIS ACTION

7.   Plaintiff VAMPIRE FAMILY BRANDS via its predecessors in interest has been marketing food and beverages under the following brand names for many years, including: VAMPIRE (for wines – US Trademark Registration No.

2263907); DRACULA (for wine – US Trademark Registration No. 3319536); VAMPYRE (for Spirits – US Trademark Registration No. 3082097); VAMPIRE (for chocolate and coffee  - US Trademark Registration No. 3669827) VAMPIRE for Olive oil and Balsamic vinegar – US Trademark Registration No. 4776927); VAMP H20 (for Water – US Trademark Registration No. 3895288);  VAMPIRE (for Restaurant and Bar Services – US Trademark Registration No. 3978444); VAMPIRE (for Glass beverage-ware -- US Trademark Registration No. 3290011); and VAMPIRE TACO (for Tacos – US Trademark Registration No. 4939034).

  8. By virtue of its extended use in commerce, several of the aforementioned registrations have become incontestable, including its registration numbers 2263907, 3082097, 3290011, 3319536, 3669827, and 3978444

  9. VAMPIRE FAMILY BRANDS also is the owner of the slogans TASTE OF IMMORTALITY and SIP THE BLOOD OF THE VINE, (TM Registrations 3167606 and 3079403, respectfully.)  Both of these marks also have become incontestable.

  10. The origin of Vampire wine, and VAMPIRE FAMILY BRAND's claim of right goes back to 1988, when its founder released a French bottled Algerian Syrah under the brand name Vampire.  The first sale was to MCA Records and Alice Cooper, and the wine was promoted under the slogan, "Sip the Blood of the Vine."  Vampire Family Brand's predecessors in interest began to use the slogan "Taste of Immortality" by at least 1995, if not earlier. Although the labels have changed over the years, along with the sourcing from Algeria to Italy to Transylvania and finally to Napa, the marketing has remained playful.

  11. However, as the source of the wine shifted from Transylvania, Romania to Napa, California, the marketing evolved to emphasize that the quality of the wine was actually extremely good, with Vampire wine having won numerous gold medals throughout the years and winning scores of 90 Points and higher.

  12. Plaintiff via its predecessors' in interest expanded its wine and spirits

business into gourmet quality foods, including Vampire Fine Belgian Chocolate and Vampire Gourmet Coffee (US Reg. No. 3669827) and Vampire Gourmet Olive Oil and Vampire Gourmet Balsamic Vinegar (US. Reg. No. 4776927.)

13. Plaintiff has expanded into restaurant services (US Reg. No. 3978444), and Plaintiff actively licenses its VAMPIRE TACO mark (US. Reg. No. 4939034) to a chain of approximately 70 restaurants that make a fantastic tasting taco branded as Vampire Taco.

14. Plaintiff's natural zone of expansion includes other foods and beverages, such as hot sauce, barbecue sauce, hamburgers, bloody marys, and other restaurant venues. Plaintiffs have plans for each of these.

15. Plaintiff's VAMPIRE family of brands are available for the world to see on its website VAMPIRE.COM, and Plaintiffs' family of VAMPIRE Brands have received coverage in various national magazines and newspapers, including Maxim, InStyle, Elle, Shape, Star Magazine, the New York Times, the LA Times, the Houston Chronicle, The Star Tribune, The Chicago Sun Times, and many more. In addition, Plaintiffs' VAMPIRE family of brands have been shown on various national television shows, such as The View with Oprah Winfrey, Anderson Cooper for approximately five minutes with Ashley Greene from Twilight fame, CNN Headline News, MTV's Viva La Bam, Food TV, and many more.

16. Unbeknownst to Plaintiff until recently, defendants have begun to market food in its restaurants using Plaintiff's Vampire mark. Specifically, defendants' menus market French fries and hot sauce under the VAMPIRE name.

17. If defendants are not stopped from marketing food products and its restaurants using Plaintiff's Vampire Mark or a mark confusingly similar to Vampire, then consumers will likely be confused about the source and origin of defendants' products and services and mistakenly conclude that defendants' products or services are produced by, or associated with Plaintiff and/or its licensees.

18. Alternatively, if defendants are not stopped from marketing food products and its restaurant using Plaintiff's Vampire mark or a mark confusingly similar to Vampire, then consumers will likely be confused about the source and origin of Plaintiff's (or its licensees') products and services and mistakenly conclude that Plaintiff's (or its licensees') products or services are produced by, or associated with defendants.

## COUNT I
## VIOLATION OF LANHAM ACT 15 U.S.C. §1125(a)

19. Plaintiff realleges the allegations in paragraphs 1 though 18.

20. Defendants have large resources with which to market and advertise its goods and services. Defendants' resources vastly exceed those of Plaintiff. Consequently, marketing and advertising efforts by Defendants are likely to mislead consumers to believe that Plaintiff's goods and services may be unauthorized use of trademarks that TACO BELL owns. If defendants are able to continue their wrongful acts, consumers are likely to be misled to believe that Plaintiff is misusing the *VAMPIRE* mark. If defendants are able to continue their wrongful acts, it would seem natural for consumers to mistakenly come to believe that since TACO BELL sells Vampire Fries and Vampire Sauce, it too would have some affiliation with the VAMPIRE TACO trademark and/or tacos. As a result, Plaintiffs' reputation and goodwill will be impaired.

21. Also, Defendants' use of the word VAMPIRE as branded French fries and/or as a branded sauce (or other food item) so closely resembles Plaintiff's products and services that the public is likely to be confused and deceived, and to assume erroneously that defendants' goods are those of Plaintiff, or that defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

22. Defendants are not affiliated with, connected with, endorsed by, or

sponsored by Plaintiff, nor has Plaintiff approved or authorized any of the goods or services offered or sold by defendants.

23. Plaintiff has no control over the nature and quality of the goods and services offered and sold by defendants or its licensees. Any failure, neglect, or default by defendants or its licensees in providing such products or services will reflect adversely on Plaintiff as being the believed source of said failure, neglect, or default, thereby hampering Plaintiff's efforts to continue to protect its outstanding reputation and preventing Plaintiff from further building its reputation. Said failure, neglect, or default will result in loss of revenue by Plaintiff, and loss of value of Plaintiff's considerable expenditures to promote its goods and services under the VAMPIRE mark, all to the irreparable harm of Plaintiff.

24. Without the knowledge or consent of Plaintiff, Defendants have marketed and sold in interstate commerce, and in commerce substantially affecting interstate commerce, products and services branded under the name VAMPIRE and continue to do so. Defendants have promoted, publicized, advertised, offered for sale, and/or sold, products and services using the VAMPIRE mark through persons not authorized, employed by, or associated in any way with Plaintiff and have used the aforementioned trade name and trademark as a false designation and false representation for food products.

25. None of defendants' activities complained of in this complaint have been authorized by Plaintiff, and such unauthorized use by Defendants of Plaintiff's trademarks and/or trade names in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiff's trademarks and/or trade names, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

26. Upon information and belief, Defendants have acted with the unlawful purpose of:

6

    a. Improperly taking advantage of the valuable goodwill belonging to Plaintiff;

    b. Soliciting Plaintiff's customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, goods and services marketed under the VAMPIRE mark through persons not authorized by, employed by, or associated in any way with Plaintiff;

    c. Inducing others to infringe Plaintiff's trademarks and trade names; and

    d. Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiff to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff and its licensed trademarks and trade names.

27. Defendants' conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1125(a).

28. If Defendants are allowed to continue marketing and selling the accused goods and services, Plaintiff will be damaged as alleged in this complaint, and the Defendants will profit thereby. Furthermore, unless the Court permanently enjoins Defendants conduct as alleged in this complaint, Plaintiff's business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

29. Defendants' aforementioned acts and conduct is being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop. Plaintiff is therefore entitled to treble damages arising therefore, as well as reimbursement of Plaintiff's attorneys' fees and costs.

30. The intentional nature of defendant's acts makes this an exceptional case under 15 U.S.C. §1117(a).

31. The intentional nature of defendant's acts and conduct makes this a case suitable for an award of Three Times Defendants' profits.

## COUNT II
## VIOLATION OF LANHAM ACT 15 U.S.C. §1114

32. Plaintiff repeats each allegation contained in paragraphs 1 through 31 as though set forth herein at length.

33. Defendants have engaged in, and continue to engage in, the wrongful exploitation of Plaintiff's registered marks.

34. Defendants' goods are so closely related to Plaintiff's goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of their VAMPIRE branded goods and services, as packaged, advertised and promoted, are those of Plaintiff, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

35. Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff. Furthermore, Plaintiff has not approved any of the goods or services offered or sold by Defendants.

36. Defendants aforesaid infringing conduct has been willful and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop. Defendants' aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertisement, and promotion of their Vampire branded tacos and restaurant services will hinder the prospects of future commercial success of Plaintiff's VAMPIRE family of brands, including its further foray into the food and restaurant space. Plaintiffs are therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiffs' attorneys' fees

and costs.

## COUNT III

## VIOLATION OF LANHAM ACT 15 U.S.C. §1125c

### (Against All Defendants)

37. Plaintiff repeats each allegation contained in paragraphs 1 through 36 as though set forth herein at length.

38. Plaintiff's Vampire family of brands have appeared on The View, Anderson Cooper, CNN Headline News, Entertainment tonight, MTV's Viva La Bam, The Food Channel, A & E, and have been written up in widely circulated magazines such as Star Magazine, Shape, Maxim, InStyle, Elle, Spin, Rolling Stone, Marie Claire, Cosmo Girl, The Wine Enthusiast, and in regional newspapers such as the LA Times, the NY Times, the Houston Chronicle, and others, and as such have developed a fame all of their own catapulting the Vampire brand into the category of a famous mark.

39. Plaintiff fears that defendants' marketing excursions into the world of vampires using the word Vampire as a mark for goods and services will cause consumers to believe that Plaintiff's Vampire branded wines (and other goods and services, *including its tacos*) are not of as high quality as they actually are and will tarnish, dilute and otherwise damage the reputation of Plaintiff's goods and services. This will lead to irreparable harm to Plaintiff's goodwill, reputation, and sales.

## COUNT IV

## UNFAIR COMPETITION – COMMON LAW, AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

40. Plaintiff repeats each allegation contained in paragraphs 1 through 39 as though set forth herein at length.

41. Defendants have engaged in unfair competition perpetrated against Plaintiff by reason of the conduct alleged herein.

42. The unlawful and unfair conduct is injuring the goodwill of Plaintiff and its lawful licensees.

43. Defendants are liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

44. By this conduct, Plaintiff has directly suffered injuries and each Defendant has been unjustly enriched.

45. Plaintiff is entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

46. As a consequence of the unfair competition by Defendants, Plaintiff is suffering irreparable injury, by reason of which such conduct should be enjoined.

47. Plaintiff is entitled to reasonable attorneys' fees.

48. Plaintiff is informed and believes, and on that basis alleges, that the aforementioned conduct of Defendants is willful, oppressive, fraudulent, and malicious, and Plaintiff is therefore entitled to punitive damages.

### COUNT V
### UNFAIR COMPETITION – COMMON LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 et seq.

49. Plaintiff repeats each allegation contained in paragraphs 1 through 48 as though set forth here at length.

50. Defendants' use of Plaintiff's family of VAMPIRE brands and trademarks misrepresents the nature, characteristics, identity, and source or sponsorship of Defendants' goods and services, constitutes aiding and abetting liability for deceptive, untrue, and misleading advertising and therefore constitutes a violation of, inter alia, California Business and Professions Code §§17500 et seq.

and California common law.

51.     Defendants' use of Plaintiff's family of VAMPIRE brands and trademarks is likely to deceive and will continue to deceive the consuming public. Defendants knew, recklessly disregarded, or reasonably should have known that such packaging, advertising, marketing, and promotion was untrue and/or misleading.

52.     As a result of the conduct described above, Defendants have been and/or will be unjustly enriched at the expense of Plaintiff and the general public. The interests of the general public and Plaintiff are, therefore, closely related.

53.     Defendants have been unjustly enriched, among other things, by the receipt of sales revenues from consumers who mistakenly thought that they were purchasing Plaintiff's VAMPIRE goods and services, but instead were purchasing Defendants' goods and services which are promoted and sold through advertisements that affirmatively misrepresent, either directly or by implication, the nature, characteristics, identity, and source or sponsorship of the goods.

75.     Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff, on behalf of itself and the general public, which is unable effectively to assert its interests, seeks an order of this Court ordering Defendants immediately to cease such acts of unfair competition and false advertising, and enjoining Defendants from continuing to market, promote, advertise, offer for sale, and sell, and advertise goods or services using the Vampire mark. Plaintiff additionally requests an order disgorging Defendants' ill-gotten gains and restitution of all monies wrongfully acquired by Defendants by means of its acts of unfair competition and false advertising. Plaintiff further requests they be paid interest and attorneys' fees.

WHEREFORE, Plaintiff prays for judgment as follows:

1.      That the Court adjudge and decree that Defendants have falsely

designated the origin of certain goods and services as those of Plaintiff, have made and used false representations in connection with the sale, offering for sale, promotion and advertising of such goods and services, and have unfairly competed with Plaintiff at common law.

    2.    That the Court adjudge and decree that Defendants have infringed Plaintiff's registered VAMPIRE trademarks.

    3.    That the Court adjudge and decree that Defendants unlawfully diluted and diminished Plaintiff's rights in its VAMPIRE family of trademarks.

    4.    That the Court adjudge and decree that Defendants unlawfully induced others to infringe upon Plaintiff's trademarks.

    5.    That the Court permanently enjoin Defendants, its agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

        a. Using VAMPIRE, or any other word or words which are similar to, or a colorable imitation of, Plaintiff's trade names and marks, either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising, and/or promotion of beverage products and beverage accessories;

        b. Selling, offering to sell, marketing, distributing, advertising and/or promoting any FOOD or BEVERAGE product, goods or service with the word VAMPIRE displayed on any product, packaging, advertising or promotional materials;

        c. Representing directly or indirectly by words or conduct that any food or beverage product, goods or services offered for sale, sold, promoted, or advertised by Defendant, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff;

      d. Aiding or abetting in unfair competition against Plaintiff;

      e. Aiding or abetting in false advertising; and

      f. Inducing others to engage in any of these aforementioned acts.

6. That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiff's lost profits, whichever is greater.

7. That the Court award an amount to be determined at trial but at least an amount equal to the cost of prospective corrective advertising.

8. That the Court award Judgment against Defendant for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiff.

9. That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

10. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff, in its discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance therewith, and/or for the punishment of any violation thereof.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: July 16, 2019    By: *Michael Machat*

Michael Machat, Esq.
Attorneys for Plaintiff
Vampire Family Brands, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: July 16, 2019  By: *Michael Machat*
Michael Machat, Esq.
Attorneys for Plaintiffs
Vampire Family Brands, LLC